IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DECORIAN LAMON WILLIAMS, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:21-cv-02450-N (BT) |
| v. | § | No. 3:18-cr-00099-N-1 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Decorian Lamon Williams, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. In response, the Government filed a motion to dismiss Williams's § 2255 motion as time barred (ECF No. 12). For the following reasons, the Court should grant the Government's motion.

I.

Williams pleaded guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On June 15, 2018, the District Court entered judgement sentencing him to 94 months' imprisonment. Williams appealed to the Fifth Circuit Court of Appeals. On March 4, 2019, the Fifth Circuit dismissed his appeal because he failed to

1

present any nonfrivolous issues for appellate review. *See United States v. Williams,* 755 F. App'x 437 (5th Cir. 2019). Williams did not file a petition for writ of certiorari in the Supreme Court.

On October 5, 2021, the Court received a filing from Williams, which the Court construed as a § 2255 motion. (ECF No. 3.) The Court advised Williams that it construed his filing as a § 2255 motion and directed him to either withdraw his motion or amend it to include all his claims. On November 29, 2021, the Court received Williams's second amended § 2255 motion (ECF No. 8) and memorandum in support (ECF No. 9). In these filings, Williams argues:

(1) The prosecutor violated his Due Process rights;

(2) His Thirteenth Amendment rights were violated;

(3) He received ineffective assistance of counsel in violation of his Sixth Amendment rights;

(4) The prosecutor violated his Fourth Amendment rights; and

(5) There was a breach of the plea agreement, which rendered his plea unknowing and involuntary.

In response, the Government filed a motion to dismiss, arguing that Williams's § 2255 motion should be dismissed as time barred. Williams did not file a response to the Government's motion.

II.

A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the Court entered judgment on June 15, 2018. The Fifth Circuit Court of Appeals dismissed Williams's

3

appeal on March 4, 2019. He did not file a petition for writ of certiorari, and the time for doing so expired on June 2, 2019. *See* Sup. Ct. R. 13 (a petition for writ of certiorari "is timely when it is filed . . . within 90 days after entry of the judgment."). Williams's conviction thus became final on June 2, 2019. *See Clay v. United States*, 537 U.S. 522, 532 (2003). He then had one year, or until June 2, 2020, to file his § 2255 motion. But Williams did not file his § 2255 motion until September 19, 2021—more than fifteen months after the one-year time limit had expired.[1] His motion is therefore untimely.

B.  Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th

---

[1] Under the prison mailbox rule, a prisoner's *pro se* filing is deemed filed when it is delivered to prison authorities for mailing to the court's clerk. *Houston v. Lack*, 487 U.S. 266, 268 (1988); *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011). Williams's § 2255 motion, apparently mailed by prison officials, is signed and dated September 19, 2021. Mot. 3 (ECF No. 3).

4

Cir. 1999), *abrogation on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Williams does not argue that he is entitled to equitable tolling. Likewise, he does not present an argument that could be construed as seeking entitlement to equitable tolling. Williams's motion was not timely filed, and he fails to plead any facts showing he was misled by the Government or prevented in some extraordinary way from asserting his rights. He merely filed his motion more than a year late. Williams is therefore not entitled to equitable tolling. Because Williams's claims are clearly time barred, the Court need not reach the merits of his arguments.

III.

For the foregoing reasons, the Court should GRANT the Government's motion to dismiss (ECF No. 12) and DISMISS the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 as time-barred.

Signed March 7, 2022.

                                        REBECCA RUTHERFORD
                                        UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).